Janice E. Smith, Esq. (SBN 3816)
**PRICE LAW GROUP, APC**
420 S. Jones Blvd.
Las Vegas, NV  89107
(702) 794-2008 Telephone
(702) 794-2009 Facsimile
jan@pricelawgroup.com

Attorneys for Plaintiff
CHARLES SINGER

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA – LAS VEGAS DIVISION

| | |
|---|---|
| CHARLES SINGER,<br><br>        Plaintiff,<br><br>vs.<br><br>DIRECT CAPITAL CORPORATION; and DOES 1 through 10, inclusive,<br><br>        Defendants. | **Civil Action No.:**<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681)**<br><br>**JURY DEMAND**<br><br>**Demand Exceeds $10,000.00** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

CHARLES SINGER ("Plaintiff"), through his attorneys, PRICE LAW GROUP, APC alleges the following against DIRECT CAPITAL CORPORATION ("Defendants"):

### INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff, an individual, against Defendants, for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq., as amended.* ("FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy."

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants transact business here, and in that the conduct complained of occurred here.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

5. Plaintiff, CHARLES SINGER, is a natural person who resides in the City of Las Vegas, County of Clark, State of Nevada.

6. Upon information and belief the Defendant, Direct Capital Corporation is a United States corporation engaged in the business of providing equipment, franchise and vendor financing in this State, with its principal place of business at 155 Commerce Way, Portsmouth, NH 03801.

7. At all times pertinent hereto, Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

8. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15. U.S.C. § 1681a(c).

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

///

///

## FACTUAL ALLEGATIONS

10. In or about July, 2012, Plaintiff obtained financing from Defendant in connection with a lease of equipment.

11. Plaintiff was contacted again by Defendant and was asked to continue to do business with Defendant, and was offered favorable terms. As a result, Plaintiff decided to continue to do business with Defendant.

12. On or about October 4, 2012, Plaintiff exchanged several e-mails with an agent of Defendant regarding the terms of the financing.

13. Plaintiff specifically instructed Defendant's agent not to pull his credit report, mainly because Defendant had already done a hard inquiry in connection with the transaction in July.

14. Plaintiff was in the process of purchasing a new home, and did not want his credit score to be lowered as a result of another inquiry.

15. Defendant's agent stated that the application was submitted to underwriting with a reminder that Defendant was *not* authorized to pull Plaintiff's credit report.

16. Nevertheless, on October 5, 2012, Defendant, without obtaining any permission, and without a permissible purpose, accessed Plaintiff's consumer report (hereinafter "credit report") via Experian, the national credit reporting agency.

17. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of credit and loan opportunities, all of which will continue into the future to Plaintiff's great detriment and loss.

18. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

19. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

20. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative trade-line entries appearing on Plaintiff's credit file.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FCRA - OBTAINING A CONSUMER REPORT BY USE OF FALSE PRETENSES, 15 U.S.C. § 1681 *et seq.*

21. Plaintiff repeats and re-alleges and incorporates by reference the preceding paragraphs.

22. Defendants knowingly or negligently used deception and false pretenses to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose.

23. Defendants' conduct in obtaining Plaintiff's credit report under false pretenses violates 15 U.S.C. §1681q.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor and against Defendants as follows:

A. Pursuant to 15 U.S.C. § 1681n(a) (1) (B), award him actual damages, or $1,000 for each access of his credit report obtained by false pretenses, whichever is greater;

B. Pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive damages as the Court deems appropriate;

C. Pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorney fees; and

D. Grant such other and further relief as the court deems just and proper.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE FCRA—WILLFULLY AND NEGLIGENTLY OBTAINING A CONSUMER REPORT WITHOUT A PERMISSIBLE PURPOSE

24. Plaintiff repeats and re-alleges and incorporates by reference the preceding paragraphs.

25. Defendants acted knowingly or negligently in requesting and obtaining Plaintiff's credit report without a permissible purpose, and therefore violated 15 U.S.C. §1681b(f).

26. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages, and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, punitive, and actual damages, along with attorneys' fees and costs, as well as other such relief, permitted by law.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor and against Defendants as follows:

A. Pursuant to 15 U.S.C. § 1681n(a)(1)(A), award him actual damages, or not less than $100 and not more than $1,000 for each impermissible access of his credit report, whichever is greater;

B. Pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the Court deems appropriate;

C. Pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o, award costs of the action and reasonable attorney fees; and

D. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHARLES SINGER, demands trial by jury in this action.

DATED: December 7, 2012

RESPECTFULLY SUBMITTED,
PRICE LAW GROUP, APC

By: *Janice Smith*
Janice E. Smith
Attorney for Plaintiff